UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David L. James, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 4:14-CV-2413-BHH-KDW |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| QHC of South Carolina ) | |
| d/b/a Carolinas Hospital System, and ) | |
| Carolinas Medical Alliance, ) | |
| and Carolinas Hospital System, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff David L. James ("James" or "Plaintiff"), filed this action against QHC of South Carolina d/b/a Carolinas Hospital System, Carolinas Medical Alliance, and Carolinas Hospital System (collectively "Defendants"), alleging employment discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; and the South Carolina Human Affairs ("SHAC") Law, S.C. Code Ann. § 1-13-80(a)1-2; as well as a state-law claim for wrongful discharge. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendants' Motion to Dismiss. ECF No. 9. Plaintiff filed his response on July 31, 2014, ECF No. 14; and Defendants filed a Reply on August 11, 2014, ECF No. 16. Having reviewed the parties' submissions and the applicable law, the undersigned recommends that Defendants' Motion to Dismiss, ECF No. 9, be granted as to Plaintiff's Title VII cause of action, and that the court decline to exercise supplemental jurisdiction over the remaining state-law claims.

I.   Background

Plaintiff worked for Defendants as a vascular technician from approximately October 22, 2012, until his termination on January 2, 2013. Compl. ¶ 7. As set forth in Plaintiff's Complaint, he signed a charge alleging race discrimination on January 28, 2013, indicating that he wanted the charge filed with both the Equal Employment Opportunity Commission ("EEOC") and the State or local agency. Compl. ¶ 4. Plaintiff received a charge number from SHAC (SHAC Charge Number 2-13-337R) and from the EEOC (EEOC Charge Number 436-2013-00317). *Id.*; *see* SHAC Charge Form, ECF No. 14-1 (listing EEOC's Agency Charge Number). SHAC issued to Plaintiff a "Dismissal and Notice of Right to Sue" (hereinafter "SHAC Right to Sue Letter") on February 18, 2014. Compl. ¶ 5; SHAC Right to Sue Letter, ECF No. 14-2. In his Complaint, Plaintiff avers that he "has complied fully with all prerequisites to jurisdiction in this Court under Title VII and filed a timely charge of race discrimination pursuant to the Workshare Agreement between South Carolina and the [EEOC], and brings a timely action after exhausting administrative remedies." Compl. ¶ 6. Plaintiff filed suit on June 17, 2014, and asserts the court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1343. Compl., ECF No. 1.[1]

II.  Applicable Law

A.  Motion to Dismiss Standards

Defendants move to dismiss Plaintiff's Title VII cause of action pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging the court lacks jurisdiction over that claim because Plaintiff failed to exhaust administrative remedies. A plaintiff always bears the burden of demonstrating that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a*

---

[1] It is undisputed that Plaintiff did not submit a separate charge to the EEOC, nor did he receive a separate right to sue letter from the EEOC prior to initiating this suit.

2

*Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (citing cases); *Richmond, Fredricksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

Defendants also seek to dismiss Plaintiff's state-law claims for violation of SHAC law and for wrongful discharge pursuant to Rule 12(b)(6). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

B.  Title VII Claim: Exhaustion of Administrative Remedies

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC or, in a "deferral" jurisdiction such as South Carolina,[2] with an

---

[2] A deferral jurisdiction is a state that has a law prohibiting employment discrimination on the same bases covered by the federal statutes, and authorizing a state or local agency to grant or seek relief from such discrimination. *See* 42 U.S.C. § 2000e–5(c), (d). SHAC is South Carolina's reciprocal agency. The EEOC and SHAC have entered into a worksharing agreement regarding the processing of charges and the assertion of jurisdiction over charges of discrimination. *See* 42

appropriate state or local agency, within a specified time "after the alleged unlawful employment practice occurred." 42 U.S.C. §§ 2000e–5(e)(1), 2000e–5(f)(1); *see Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e–5(f)(1)). Title VII establishes "two possible limitation periods for filing a discrimination charge with the EEOC." *Jones*, 551 F.3d at 300 (explaining that the basic limitations period is 180 days after the alleged unlawful employment practice, but can be extended to 300 days in a "deferral state" if state law proscribes the alleged employment practice and the charge is first filed with a state deferral agency); *see id.; see also Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998). When a charge is filed with the EEOC in a deferral jurisdiction such as South Carolina, the EEOC must refer the charge to the deferral agency and typically must afford that agency "a reasonable time, but not less than sixty days" to act under the state law to "remedy the practice alleged." 42 U.S.C. § 2000e-5(d). After expiration of the deferral period, the EEOC must notify the employer against which the charge has been alleged, and the EEOC is to investigate the charge to determine whether reasonable cause exists to believe unlawful discrimination has taken place. 42 U.S.C. § 2000e-5(b). If the EEOC finds such reasonable cause, it is to "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* If conciliation is not successful, however, the EEOC may initiate litigation. 42 U.S.C. § 2000e-5(f)(1). Conversely, if the EEOC does not find reasonable cause exists, it must dismiss the charge. 42 U.S.C. § 2000e-5(b).

---

U.S.C. § 2000e-8 (authorizing such agreements); This District has traditionally assumed, without requiring proof, the existence of such a workshare agreement between South Carolina and the EEOC. *See Brown v. Berkeley Cnty. Sch. Dist.,* 339 F. Supp. 2d 715, 721 n.3 (D.S.C. 2004) (assuming existence of workshare agreement between the EEOC and SHAC such that filing a claim with SHAC is sufficient for a filing with the EEOC).

The filing of an administrative charge "is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, "the charge itself serves a vital function in the process of remedying an unlawful employment practice." *Balas v. Huntington Ingalls Indus.*, *Inc.,* 711 F.3d 401, 407 (4th Cir. 2013). In particular, "[t]he exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005); *see Balas*, 711 F.3d at 406-07 (noting exhaustion of EEOC administrative process "notifies the charged party of the asserted violation" and "brings the charged party before the EEOC and permits effectuation of the [Civil Rights] Act's primary goal, the securing of voluntary compliance with the law") (citations and quotation marks omitted).

In the event the EEOC dismisses a charge of discrimination or if it has neither filed suit against the employer nor achieved a conciliation agreement within 180 days after either (1) the charge is filed, or (2) the 60-day reference period in a deferral jurisdiction expires, whichever is *later*, the EEOC must give notice to the complainant of the complainant's right to file suit. *See* 42 U.S.C. § 2000e–5(f)(1). This notice to the complainant is commonly referred to as a "right to sue letter." *See generally EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 148 (4th Cir. 2014) (noting EEOC's "issuance of a 'right to sue' letter allows an individual to initiate a private Title VII lawsuit in federal court.") (citing *Davis v. N.C. Dept. of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995)). A complainant has 90 days to file suit in federal or state court after being notified of the right to sue. *See* 42 U.S.C. § 2000e–5(f)(1). The Fourth Circuit Court of Appeals has defined "receipt of, or at least entitlement to, a right-to-sue letter" as a "jurisdictional prerequisite that

5

must be alleged in a plaintiff's complaint." *Davis,* 48 F.3d at 140 (citing *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)).[3]

III.    Analysis

    A.  Title VII Claim of Race Discrimination

In this case, it is undisputed that Plaintiff submitted a charge to SHAC in a timely manner. Based on applicable law and the deferral arrangement between the EEOC and SHAC, the parties agree that the SHAC filing was sufficient to be considered as an EEOC Charge. *See* Defs.' Reply 2 (agreeing with Plaintiff's position that Plaintiff's filing of claim with SHAC "resulted in the filing of the claim with both agencies"); Pl.'s Mem. 5 (noting the deferral arrangement permits individuals to "file an administrative claim with SHAC, instead of with the [EEOC]"). It is also undisputed that Plaintiff received a right to sue letter from SHAC but not from the EEOC. In his Complaint Plaintiff alleges he has "complied fully with all prerequisites to jurisdiction in this Court under Title VII," noting he timely filed a charge pursuant to the Workshare Agreement and that he "brings a timely action after exhausting administrative remedies." Compl. ¶ 6. In their initial memorandum, Defendants submit that Plaintiff's failure to plead he received an EEOC right to sue letter or to demonstrate entitlement thereto is fatal to his Title VII claim in that it deprives the court of jurisdiction over that claim. Defendants seek dismissal of Plaintiff's Title VII claim for lack of subject matter jurisdiction. Defs.' Mem. 4-5 (*citing, e.g.*, *Davis*, 48 F.3d at 140).

In response, Plaintiff argues jurisdiction is appropriate and that he was not required to show that the EEOC had issued a separate right to sue letter. In support, Plaintiff advances two

---

[3] Some Fourth Circuit precedent explains that a claimant may initiate a Title VII suit "based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter." *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) (citing 42 U.S.C. § 2000e–5(f)(1)).

6

separate arguments. In one argument, Plaintiff submits that, irrespective of the SHAC right to sue letter, Plaintiff need not obtain a right to sue letter from the EEOC so long as the requisite time period has passed. Pl.'s Mem. 7. Plaintiff also submits that jurisdiction is proper because, pursuant to the Workshare Agreement between the EEOC and SHAC, his filing a race discrimination charge with SHAC and his receipt of a right to sue letter from SHAC prior to filing this suit appropriately exhausted administrative remedies. *See* Pl.'s Mem. 6 (arguing receipt of right to sue from SHAC is "sufficient exhaustion of remedies to satisfy the jurisdictional requirement"); *see also id.* at 7-8. The court considers these in turn.

1. Plaintiff argues that, irrespective of the SHAC right to sue letter, the passage of time without receiving an EEOC right to sue letter is sufficient to establish jurisdiction over his Title VII claim.

Plaintiff argues he is entitled to bring suit on his Title VII claim without the EEOC's dismissing his claim and issuing a right to sue letter. Pl.'s Mem. 7 ("First, there is no requirement that the EEOC is charged with making a determination."). Plaintiff submits that "in the absence of an EEOC right to sue letter, Plaintiff was only under a requirement to wait 180 days before filing suit." *Id.* (citing *Occidental Life Ins. Co. of Calif. v. EEOC*, 432 U.S. 355, 361 (1977), among other cases). The *Occidental Life* language quoted by Plaintiff is not directly applicable here as it contemplated "EEOC notification" to a claimant as to the EEOC's non-action and noted a plaintiff could file a private action within 90 days of such notification. *See id.* Nonetheless, the undersigned considers Plaintiff's argument as one that he is considered to have exhausted administrative remedies without an EEOC right to sue letter so long as he showed "entitlement" to such a letter and that waiting the requisite time period suffices to demonstrate such entitlement.

7

As noted above, the EEOC is required to notify a claimant of his right to file suit in the event the EEOC dismisses a charge of discrimination or if the federal government has neither filed suit against the respondent nor achieved a conciliation agreement within 180 days after either (1) the charge is filed or (2) the 60-day reference period in a deferral jurisdiction expires, whichever is later. *See* 42 U.S.C. § 2000e–5(f)(1). At the latest, then, the EEOC is to issue a right to sue letter (if other action is not taken) no later than 240 days (180 days plus 60 days) after a charge is submitted. After being notified by way of a so-called right to sue letter, a complainant then has 90 days to file suit. *See id.*

Defendants' Memorandum and Reply generally acknowledge that a Title VII claimant may satisfy the requirement of receiving an EEOC right to sue letter by demonstrating "entitlement to" such. Defs.' Mem. 4, ECF No. 9-1; Defs.' Reply 3, ECF No. 16. However, Defendants do not specifically address Plaintiff's argument that he did not need an EEOC letter so long as the requisite time period had passed. Rather, their arguments focus on Plaintiff's failure to *actually receive* such from the EEOC and how receipt of the SHAC right to sue letter did not satisfy that requirement.[4] As an initial matter, to the extent Defendants contend Plaintiff's Title VII claim should be dismissed solely because his *Complaint* itself does not precisely plead receipt of or entitlement to an EEOC right to sue letter, the undersigned finds such an argument too strict an interpretation of this requirement. *See Thomas v. Dillon Sch. Dist. Four*, C.A. No. 4:13-990-RBH-TER, 2013 WL 6193044 (D.S.C. Nov. 26, 2013) (finding Rule 12(b)(1) dismissal inappropriate when plaintiff did not attach right-to-sue letter to complaint but provided it in response to motion to dismiss).

---

[4] Much of Defendants' argument concerns Plaintiff's argument that receipt of the SHAC right to sue letter sufficed to satisfy the requirement of receipt of an EEOC letter. That argument is addressed separately.

Here, Plaintiff filed his charge with SHAC on January 28, 2013. Based on applicable law, and as conceded by Defendants, the SHAC charge also is considered to be an EEOC charge. Absent other EEOC action, then, it might be argued that Plaintiff would have been entitled to receive a right to sue letter from the EEOC by no later than September 25, 2013 (240 days after his January 28, 2013 charge-filing date) and that such entitlement would fulfill that portion of the exhaustion requirement. *See Perdue v. Roy Stone Transfer Corp*., 690 F.2d 1091 (4th Cir. 1982). In *Perdue*, although considering different underlying facts,[5] the Fourth Circuit held that "it is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts" under Title VII. 690 F.2d at 1093.  In so finding, the Fourth Circuit reasoned that the EEOC's failure to actually issue the right to sue letter "cannot defeat the complainant's statutory right to sue in the district court" because a Title VII complainant is "'not charged with the [EEOC's] failure to perform its statutory duties.'" 690 F.2d at 1093 (quoting *Russell v. Am. Tobacco Co.*, 528 F.2d 357, 365 (4th Cir. 1975)). Other Fourth Circuit cases support this approach. *See, e.g., Davis,* 48 F.3d at 140; *Moore v. City of Charlotte*, 754 F.2d 1100, 1104 n.1 (4th Cir. 1985) ("Entitlement to the letter, without actual receipt of it, is sufficient to support federal jurisdiction."); *Patterson v. Cnty. of Fairfax*, 45 F.3d 427 [Table, available at 1995 WL 3672  (4th Cir. Jan. 4, 1995)] (finding district court erred by requiring actual issuance of right to sue letter prior to filing of suit; noting administrative remedies exhausted when plaintiff became entitled to same); *see also Murphy-Taylor v.*

---

[5] In *Perdue*, the EEOC had entered into a settlement agreement with complainant and her employer. Complainant alleged the settlement agreement was not being performed, but was told by the EEOC that it did not issue right to sue letters for cases in which settlement agreements had been entered. Defendants argued the nonexistence of a right to sue letter deprived the court of jurisdiction. *See* 690 F.2d at 1091.

*Hofmann*, 968 F. Supp. 2d 693, 714-16 (D. Md. 2013) (finding entitlement to an EEOC right to sue letter sufficient for exhaustion-of-remedies purposes; collecting cases).[6]

Having found an argument could be made that Plaintiff had become entitled to an EEOC right to sue letter prior to initiating this Title VII litigation, though, does not end the analysis. The information before the court provides no details regarding the EEOC's activity in this matter other than the EEOC Charge Number, which apparently was supplied by SHAC on the day Plaintiff submitted the charge to SHAC. Plaintiff bears the burden of demonstrating the court has jurisdiction. *See Evans,* 166 F.3d at 647 (noting plaintiff has burden of establishing subject matter jurisdiction). Here, Plaintiff has not provided sufficient information from which it can be determined if and when the EEOC had the charge before it for consideration for the appropriate amount of time that might "entitle" Plaintiff to a right to sue letter from the EEOC. Accordingly, the undersigned recommends Plaintiff's Title VII claim be dismissed without prejudice pursuant to Rule 12(b)(1).[7]

---

[6] The undersigned is cognizant of Fourth Circuit precedent finding that actual receipt of a right to sue letter from the EEOC is a jurisdictional prerequisite. *E.g., Puryear*, 214 F.3d at 518 ("[T]he aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."); *Long v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc.*, 9 F.3d 340, 342 (4th Cir. 1993) ("Long satisfied the jurisdictional prerequisites for Title VII '(i) by filing timely charges of employment discrimination with the [EEOC] and (ii) by receiving and acting upon the [EEOC's] statutory notice of the right to sue.' Title VII 'specifies with precision' these two prerequisites. They are the only prerequisites a claimant must satisfy.") (internal citations omitted). However, none of these cases was considering the distinction of whether "actual receipt" of or "entitlement to" a right to sue letter was the true jurisdictional requirement, nor did these opinions discuss *Perdue*. Echoing the well-reasoned order of the district judge in *Murphy-Taylor*, the undersigned is "satisfied that statements in the case law, cited above, are merely oversimplifications of the rule that is more accurately stated in *Perdue*." 968 F. Supp. 2d at 716.

[7] In the event Plaintiff provides information from which the court could determine he was "entitled to" a right to sue letter from the EEOC, it will then be necessary for the court to determine *when* he became so entitled. *See, e.g., Perdue*, 690 F.2d at 1094 n.7 (upon determining under facts that no actual EEOC letter was required for jurisdiction over Title VII claims, the Fourth Circuit remanded for determination as to "when plaintiff became so entitled for purposes

2. Plaintiff argues that filing a charge with SHAC and receiving a SHAC right to sue letter are sufficient to establish jurisdiction over his Title VII claim.

Plaintiff also argues he sufficiently exhausted administrative remedies as to his Title VII claim—that because the SHAC charge is to be construed as an EEOC charge, so too, should his right to sue letter from SHAC be construed as a right to sue letter from the EEOC. Pl.'s Mem. 5-8 (citing various cases). None of the cases Plaintiff cites expressly addresses whether a workshare agreement could operate to have a SHAC letter be deemed an EEOC letter or otherwise be considered to satisfy that portion of the exhaustion requirement. Rather, most of the cases Plaintiff cites stand for the more general proposition that a workshare agreement exists between South Carolina and the EEOC and do not in any manner hold that the workshare agreement or the fact that South Carolina is a deferral jurisdiction somehow changes the right-to-sue-letter requirement. *See Nelson v. Lockheed Missiles and Space Co.*, No. 97-1430, 131 F.3d 135 (Table), 1997 WL 727609 (4th Cir. Nov. 24, 1997) (noting South Carolina is a deferral state but considering only whether charge was timely filed); *E.E.O.C. v. Hansa Prods., Inc.*, 844 F.2d 191 (4th Cir. 1988) (explaining a "deferral" state; holding a claimant could file with EEOC within 300 days even if filing with deferral agency was untimely; not considering right to sue requirements); *Reeves v. United Parcel Servs.*, C/A No. 3:05-3202-CMC-BM, 2007 WL 2326891, at *3 n.6 (D.S.C. Aug. 10, 2007) (noting plaintiff could file administrative claim with SHAC rather than EEOC; ruling concerned timeliness of federal suit subsequent to receipt of right to sue letter plaintiff requested and received from EEOC).

One case cited by Plaintiff bears additional scrutiny. As Plaintiff correctly notes, the report and recommendation issued in *Whitten v. Fred's Inc.*, C/A No. 8:08-218-HMH-BHH,

---

of measuring the ninety-day period during which suit could properly be brought under the statute.").

2009 WL 364162, *7 (Jan. 13, 2009), indicates that "the deferral and workshare arrangements between the EEOC and SHAC [] are explicitly effective to exhaust federal claims." There, however, the United States Magistrate Judge was not faced with the question of whether a right to sue letter from the EEOC is required for a plaintiff to have exhausted federal remedies. In fact, in that case, the plaintiff had received a right to sue letter from the EEOC; the court was considering whether a charge submitted only to the EEOC could be considered to have been a timely charge before SHAC. *See id.*, at *7, 8. In any event, Fourth Circuit law makes it clear that receipt of a right to sue letter from the EEOC or entitlement to same is required. *See Perdue*, 690 F.2d at 1093; *see also Murphy-Taylor*, 968 F. Supp. 2d at 714-16 (collecting cases). The portion of the *Whitten* report and recommendation on which Plaintiff relies should not be read out of context to suggest otherwise.

Further, consideration of the *Whitten* report and recommendation and the opinion on appeal does not support Plaintiff's claim that it is unnecessary for both SHAC and the EEOC to make determinations and issue decisions. *See* Pl.'s Mem. 7. In *Whitten*, it was recommended that the SHAC claim be considered exhausted. 2009 WL 364162, at *7. The United States District Judge did not consider any argument related to the exhaustion of administrative remedies, but found summary judgment appropriate on the merits of the plaintiff's SHAC claims. C/A No. 8:08-218-HMH-BHH, 2009 WL 364077 (Feb. 11, 2009). On appeal, the Fourth Circuit reversed the district court's ruling and considered anew the question of whether plaintiff had exhausted administrative remedies as to her SHAC claim. *Whitten v. Fred's, Inc.*, 601 F.3d 231 (4th Cir. 2010) (abrogated on other grounds by *Vance v. Ball St. Univ.*, 133 S. Ct. 2434 (2013)).

The employer in *Whitten* argued plaintiff's SHAC claim could not be exhausted through filing of a charge with the EEOC because such a filing could not satisfy the state statutory

requirement that a claimant must "complain in writing under oath or affirmation to the [South Carolina Human Affairs] Commission within one hundred eighty days after the alleged discriminatory practice occurred." S.C. Code Ann. § 1-13-90(a). Noting that the South Carolina statute plainly required that a charge be submitted to the South Carolina "Commission," the Fourth Circuit looked to documents before the court at the summary-judgment stage and found Whitten had satisfied the South Carolina requirement based on the EEOC's *actual transmittal* of the EEOC charge to SHAC. Important to the Fourth Circuit's analysis were details of how the charge filed with the EEOC was handled as between the EEOC and SHAC. 601 F.3d at 238-41; 601 F.3d at 240 ("[W]e do not conclude that [plaintiff's] EEOC filing is the equivalent of a SHAC filing; we conclude that her charge was in fact filed [by the EEOC] with SHAC.").

Here, this matter is before the court on Defendants' Rule 12(b)(1) Motion to Dismiss. As noted above, Plaintiff has the burden to prove subject matter jurisdiction, and the undersigned is of the opinion that he has not satisfied that burden at this time. Although it is sometimes appropriate for a court to consider evidence related to "disputed jurisdictional facts," *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009), Plaintiff has presented no disputed facts relevant to jurisdiction. *Id.* ("[W]hen the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts."). Defendants submit the lack of an EEOC right to sue letter deprives the court of jurisdiction, noting the EEOC is permitted to conduct its own, separate investigation into Plaintiff's charge and that, until it has done so and issued a right to sue letter, the required exhaustion is not complete. Defs.' Mem. 2-3. It is undisputed that Plaintiff filed a charge with SHAC, not with the EEOC. Further, it is undisputed that the EEOC itself never issued a right to sue letter. Rather, Plaintiff offers legal

arguments as to why he was not required to wait until he received an EEOC letter. Considering the legal arguments of Plaintiff and Defendant, the undersigned must recommend Defendants' Motion to Dismiss be granted as to the Title VII cause of action.[8] Although it is accepted that a charge filed with SHAC is considered to satisfy the requirement of filing with the EEOC, the information available to the court at this juncture does not provide potentially relevant detail such as how and when the EEOC received Plaintiff's charge that he filed with the EEOC and how and whether the EEOC investigated the matter.

Further review of the *Whitten* opinion is similarly unavailing to Plaintiff's argument that the SHAC letter should be sufficient to be considered a right to sue letter from the EEOC. The *Whitten* court was not called upon to consider whether the issuance of a right to sue letter was required for exhausting administrative remedies. However, in considering what is the converse of the issue now before the court, the *Whitten* court considered whether a dismissal and issuance of a right to sue letter by the EEOC would also be considered a dismissal (and issuance of a right to sue letter) by SHAC in determining whether SHAC had "dismissed" for purposes of the SHAC statute of limitations for filing suit.[9] Unlike its EEOC counterpart, the South Carolina statute of limitations is triggered by the *earlier* of two events—one year of the date of the violation or 120 days after SHAC dismisses the charge. *See* S.C. Code Ann. § 1-13-90(d)(6) (requiring court action be brought "within one year from the date of the violation alleged, or within one hundred

---

[8] Nor is the jurisdictional issue before the court intertwined with the merits of Plaintiff's claims, making it inappropriate for the court to await completion of discovery to determine Defendants' jurisdictional challenge. *See Kerns*, 585 F.3d at 193 (holding that and "when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery").

[9] The undersigned is aware that issues of whether a Title VII litigant *timely* exhausted administrative remedies is not jurisdictional because it is subject to waiver in some instances. *See Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (noting federal court had jurisdiction over Title VII claim in which claimant had exhausted administrative remedies, although charge had not been timely filed).

twenty days from the date the complainant's charge is dismissed, whichever occurs earlier"). Accordingly, by its terms, the state statute would run within one year of the "date of the violation alleged," regardless of whether SHAC had dismissed the claim and issued a right to sue letter. Whitten had filed suit within the one-year-of-violation-alleged window. She had not filed suit within 120 days of the EEOC's dismissal and issuance of a right to sue letter. As a result, her SHAC claim would be considered timely filed only if the EEOC dismissal/right to sue letter was not also considered a SHAC dismissal. *See* 601 F.3d at 239-40. The Fourth Circuit determined it was not appropriate to "attribute a dismissal by the EEOC to SHAC[.]" 601 F.3d at 241. Because the court had found Whitten's EEOC charge was "in fact filed with SHAC," rather than finding the "EEOC filing [was] the equivalent of a SHAC filing[,]" the court determined Whitten was not taking inconsistent positions in her argument. 601 F.3d at 240-41. Similarly, in the report and recommendation below, the court had taken "judicial notice that the [EEOC and SHAC] perform parallel investigations and can render independent decisions." 2009 WL 364162 at *8. Further, the report and recommendation noted that "the truly inconsistent position would be to contend that the EEOC dismissal is one and the same with a SCHAC dismissal." *Id.*

Although the *Whitten* decision was interpreting South Carolina law, its teachings are instructive here. In *Whitten*, much of the Fourth Circuit's analysis turned on factual details regarding the handling of her Title VII charge by the EEOC and SHAC. Here, the only information the court has comes from two SHAC documents—the charge Plaintiff filed and the SHAC dismissal/right to sue letter. Without more, the court is unable to determine what took place in the agencies—particularly the EEOC. The parties agree that the SHAC charge-filing was sufficient to also be considered an EEOC charge for purposes of exhaustion of remedies. However, it is not appropriate to find the SHAC dismissal/right to sue was also an EEOC

15

dismissal/right to sue. Accordingly, because Plaintiff has not demonstrated he obtained, or had the right to obtain, a dismissal or right to sue from the EEOC, it is recommended Defendant's Rule 12(b)(1) motion be granted as to Plaintiff's Title VII claim.[10]

B. Defendants' Remaining Grounds

If the court accepts this Report and Recommendation, the only claim within the court's original jurisdiction will be dismissed. *See* Compl. 1 (noting jurisdiction based on Title VII, 28 U.S.C. § 1331, and 28 U.S.C. § 1343 (supplemental jurisdiction). Without Plaintiff's Title VII claim, Plaintiff's remaining causes of action—a claim for violation of SHAC law[11] and for wrongful termination—are based on the court's supplemental jurisdiction. Section 1367(c)(3) of Title 28 of the United States Code provides that the district courts "may decline to exercise supplemental jurisdiction [as to claims forming the same case or controversy as those within the court's original jurisdiction] if the district court has dismissed all claims over which it has original jurisdiction[.]" Trial courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir. 1995) (district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). *See also, e.g., United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726-27 (1966); *Wauben v. Protega (USA), Inc.*, No. 2:05-2780-PMD-RSC, 2007 WL 775614, at *14 (D.S.C. Mar. 9, 2007) (declining to exercise supplemental jurisdiction over state-law claims upon granting summary judgment as to Title VII claim).

---

[10] If, in the course of filing any objections to this Report and Recommendation, Plaintiff proffers any factual information that better informs this analysis, the district judge may wish to consider it in ruling on such objections.

[11] One of Defendants' arguments is that this court does not have jurisdiction over SHAC claims brought along with federal claims alleging "essentially the same facts and seeking relief for the same" claimant. Defs.' Mem. 5-6. If the remainder of this Report and Recommendation is accepted, this argument may become moot.

Therefore, the undersigned recommends the court exercise its discretion to decline supplemental jurisdiction over Plaintiff's SHAC and wrongful termination claims and dismiss those claims without prejudice to their being filed in state court, thus ending the action here. Acceptance of this portion of this Report and Recommendation makes Defendants' remaining arguments moot.

IV.     Conclusion and Recommendation

For the reasons set forth herein, it is recommended that Defendants' Motion to Dismiss (ECF No. 9) as to Plaintiff's Title VII claims be *granted* and that the remaining state-law claims be dismissed without prejudice to their being brought in state court.

IT IS SO RECOMMENDED.

December 17, 2014                                           Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**